UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE SEWELL and CHRISTINA SEWELL,

        Plaintiffs,

  v.

FAIRFIELD POLICE DEPARTMENT et al,

        Defendants.

_____/

NO. CIV.S-05-970 LKK/DAD

O R D E R

Pending before the court is defendant City of Fairfield's motion for summary judgment. Plaintiff's first amended complaint states a single cause of action for "battery" under 42 U.S.C. § 1983, which the court construes as an excessive force claim. Defendant moves for summary judgment on the ground that plaintiff has failed to serve any of the police officers in accordance with the scheduling order and that there is no evidence of a custom or policy of excessive force by the City of Fairfield. The matter is
////

1

decided based on the papers.[1]  The court notes that plaintiff's counsel was not present at oral argument.  For the reasons set forth below, defendant's motion for summary judgment is granted.

### I. Facts[2]

#### A. Background

Plaintiff Christina Sewell claims that her constitutional rights were violated by police officers of the City of Fairfield on November 28, 2003.  Def.'s SUF 1.  Specifically, plaintiff alleges in her first amended complaint that she was pulled from her car by the hair during a traffic stop, that five police officers held her to the ground by her legs and neck, and that she was unable to breathe as a result.  Compl. ¶ 14-16.  Plaintiff has brought the present action against the City of Fairfield and against Does 1-10, who are described as members of the Fairfield Police Department.  Def.'s SUF 2.

#### B. *Monell* Claim

The parties dispute whether there is a policy, custom, or practice regarding the use of excessive force by either the City of Fairfield or the Fairfield Police Department.  Defendant argues that there is no such policy or custom regarding the use of excessive force or the commission of battery in connection

---

[1]There was no oral argument, plaintiff's counsel failing to timely appear.

[2]The facts here are derived from the parties' statements of undisputed fact.  However, because these statements contain only minimal information, they are supplemented with allegations in the first amended complaint (and noted as such) where appropriate.

2

with the apprehension or detention of persons suspected of possible criminal activity.  Gresham Decl. at ¶ 3.  Plaintiff, however, disputes this contention, relying on her first amended complaint and the declaration of her attorney.  McCann Dec. at ¶ 5 ("To the best of my knowledge and belief, based on my conversations with Plaintiff she believes that Fairfield Police Department has a practice or custom of utilizing excessive force.").

Furthermore, in response to an interrogatory as to whether plaintiff was "aware of any custom, policy, or practice . . . regarding the use of excessive force," Lucas Decl. in Support of Mot. for Summ. J., Exh. A, plaintiff responded "No."  Id., Exh. B.  However, plaintiff also included a disclaimer providing that "[d]iscovery is ongoing and Plaintiff reserves the right to supplement this response if additional information is obtained and/or additional document [sic] are discovered."  Id.

**C. Procedural History**

Plaintiff filed her first complaint in May 2005.  Defendant filed a motion to dismiss in August 2005, which was granted with leave to amend in September 2005.  The court then issued a Status (Pretrial Scheduling) Order dated October 5, 2005.  The order instructed that service upon the officer defendants was to be accomplished within fifteen days of the order, and that the action was to be dismissed as to all Doe defendants sixty days from the date of the order.  To this date, no officer defendants have been served.  Def.'s SUF 3.  In addition, the order

1 instructed that discovery be completed by September 26, 2006.

## III. Analysis

Defendant's argument is twofold.  First, defendant argues that summary judgment should be granted with respect to the Doe defendants because plaintiff has not accomplished service within the time specified in the scheduling order.  Second, defendant argues that summary judgment should be granted with respect to the City of Fairfield because plaintiff has failed to establish a genuine dispute as to the existence of an unconstitutional custom, policy, or practice.  For the reasons discussed below, defendant's motion is granted.

**A. Doe Defendants**

The first issue is whether summary judgment should be granted as to the Doe defendants.  The chronology of events is straightforward.  In the Status (Pretrial Scheduling) Order dated October 5, 2005, the court instructed that service upon the officer defendants was to be accomplished within fifteen days of the order, and that the action was to be dismissed as to all Doe defendants sixty days from the date of the order. Plaintiff has failed to serve this action on the officers designated as Doe defendants, Def.'s SUF 3, and does not dispute that the time in which she was permitted to serve these officers has since expired.

Furthermore, according to defendant, plaintiff requested a copy of the police report on January 23, 2006, and was mailed a

4

1  copy of the report the next day.³  Lucas Decl. in Support of
2  Def.'s Reply at ¶ 5-6.  This report allegedly contained the full
3  details of the incident, including the names of all police
4  officers involved.  Plaintiff contends that she is presently
5  ignorant as to the identities of the officers, but believes that
6  she will be able to ascertain these identities upon review of
7  pictures of Fairfield police.  McCann Dec. at ¶ 4.  Moreover,
8  plaintiff contends that the scheduling order provided
9  insufficient time for her to recall the officers' identities.
10       These contentions do not change the fact that plaintiff
11 failed to serve any officers within the time required in the
12 scheduling order, and indeed, has failed to do so at all.  Even
13 if plaintiff's contentions regarding her memory are true, she
14 could have chosen to file a motion to amend the scheduling order
15 in order to request more time to recall the officers'
16 identities.  The present stage of the proceedings is not the
17 proper time in which to raise these arguments.
18       Furthermore, it appears that plaintiff does, in fact, have
19 the necessary information to ascertain the identities of the
20 relevant police officers.  According to defendant, plaintiff
21 requested a copy of the police report of the incident and was
22 sent a copy of this report immediately after the request.  The
23 fact that plaintiff received the report after the time period in

---

³This request took the form of a letter.  According to defendant, plaintiff has not undertaken any formal discovery in this case.  Lucas Decl. in Support of Reply at ¶ 4.

5

which she could have served the Doe defendants is immaterial. Plaintiff failed to request the report before the sixty days had elapsed, or at least not by means of any formal discovery device.  Lucas Decl. in Support of Reply at ¶ 4.  In addition, plaintiff never filed a motion to amend the complaint to name the Doe defendants after receipt of the report.

Thus, as specified in the scheduling order dated October 5, 2005, this action was dismissed with respect to the Doe defendants sixty days after the effective date of the order.

**B. Monell Claim**

The second issue is whether there is a genuine dispute regarding the existence of a custom, policy, or practice of excessive force by the City of Fairfield.  As a threshold matter, it should be noted that while plaintiff has labeled her cause of action as "battery," the court construes the claim as one of excessive force in violation of the Fourth Amendment. Section 1983 only creates a cause of action against persons who, acting under color of state law, abridge rights created by the Constitution or laws of the United States.  Accordingly, the court would lack jurisdiction over a state law battery claim. Nevertheless, plaintiff has alleged sufficient facts to state a claim for relief regarding the use of excessive force, and the court will construe the cause of action as such.

A municipality may not be held liable under section 1983 for the acts of its employees under a theory of respondeat superior liability.  See Monell v. Dep't of Soc. Servs. of N.Y.,

426 U.S. 658, 691 (1978). Rather, a plaintiff may establish municipal liability in one of three ways. See Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). A plaintiff may prove (1) that the actions in question were conducted pursuant to an official custom, policy, or practice (2) that the individual who committed the act was an official with final policy-making authority, or (3) that such an official ratified a subordinate's unconstitutional act. Id.

With regard to an unconstitutional custom or policy, the plaintiff must demonstrate either the existence of a custom that constitutes the standard operating procedure of the municipality, or the existence of a formal governmental policy. The custom must be so "persistent and widespread" that it effectively becomes well-settled city policy. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), quoting Monell, 436 U.S. at 691. Liability does not attach where the alleged custom is based upon "isolated or sporadic incidents." Id. See also, Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom."). Rather, liability must be predicated upon "practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino, 99 F.3d at 918. See Davis v. City of Ellensburg, 869 F.2d 1230, 1233-34 (9th Cir. 1989) (single incident of excessive force inadequate to establish liability); Meehan v. County of Los Angeles, 856

F.2d 102, 107 (9th Cir. 1988) (two incidents insufficient).

Defendant has met its initial burden of proving that there is no genuine issue regarding the existence of a custom or policy authorizing the use of excessive force. Defendant has provided the affidavit of the Chief of Police of the City of Fairfield, who is familiar with the operations of the Fairfield Police Department. Gresham Decl. at ¶ 1. He stated that "[t]here is no policy, custom or practice . . . approving, permitting, encouraging or tolerating the use of excessive force." Id. at ¶ 3. Furthermore, defendant has offered plaintiff's answer to an interrogatory, in which she replied that she was unaware of any such custom or policy.[4] These pieces of evidence are sufficient to meet defendant's initial responsibility in a motion for summary judgment.

The burden then shifts to the plaintiff to establish that a genuine issue does, in fact, exist. The only evidence that the plaintiff has provided is an affidavit from the plaintiff's attorney, which states that, based on his conversations with the plaintiff, "she believes that Fairfield Police Department has a practice or custom of utilizing excessive force." McCann Dec. at ¶ 5. Plaintiff also relies on portions of her first amended complaint to prove the existence of such a custom or policy.

It is clear that plaintiff has failed to meet its burden of

---

[4] While plaintiff reserved the right to amend her answer to the interrogatory based upon information obtained during discovery, she has not undertaken any discovery in this case to date.

8

1  proving that there exists a genuine dispute with regard to this
2  issue.  First, plaintiff must allege specific facts and may not
3  merely rely upon allegations or denials in her initial
4  pleadings.  Fed. R. Civ. P. 56(e).  Second, the affidavit is
5  inadmissible as hearsay.  Mr. McCann has merely relayed what he
6  believes his client believes to be true.  Even if plaintiff had
7  personally provided the statement, it did not include a basis
8  for personal knowledge as to how she would know about the
9  existence of an unconstitutional custom or policy.  Certainly,
10 her single incident with the Fairfield police would not be
11 sufficient for such an inference.
12      Even if the alleged November 2003 incident occurred as
13 plaintiff described in her complaint, this would not, without
14 more, be sufficient to establish a finding of liability.  At
15 best, plaintiff has offered facts that might partially support a
16 claim that Fairfield police had a custom of using excessive
17 force.  However, this single incident, standing alone, is
18 insufficient to prove this claim as a matter of law.  See
19 Christie, 176 F.3d at 1235 (noting that a single constitutional
20 deprivation is insufficient to prove a practice or custom).
21      Given that defendant has met its burden of demonstrating
22 that there is no genuine issue of material fact, and plaintiff
23 has failed to establish the existence of such a dispute,
24 defendant's motion should be granted with respect to the Monell
25 claim.
26 ////

9

1     For the aforementioned reasons, defendant's motion for
2 summary judgment is GRANTED.
3 IT IS SO ORDERED.
4 DATED:  September 12, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

10